MICHEL, Chief Judge,
concurring.
I join with section II of the court’s opinion only in-part because of its conclusion that the intent of Congress is clear. In my view, Congress’s intent is utterly unclear on the precise question at issue in this case. In addition, because there is no relevant legislative history, the only evidence of Congress’s intent is the text and structure of the statute. Neither is revealing.
The interpretation advanced by Customs emphasizes the term “actual charge” over the term “transportation,” and Carnival’s interpretation does the opposite. Customs’ interpretation relies on a questionable distinction between pre-paid and on-board charges, even for identical services, and expands the term “transportation” to include all pre-paid charges, including for ship-board amenities such as “a movie or live entertainment, child care, or an ice cream soda.” Moreover, although the term “actual charge” may indeed suggest that post-hoc allocation of a ticket price into hypothetical transportation and non-transportation portions is not allowed by the statute, it does not demonstrate that Congress intended to preclude cruise ship lines from doing what other transportation providers have been allowed to do under similar statutes, that is, limit their liability by actually charging separate amounts for transportation and non-transportation services as reflected in the ticket the customer buys. On the other hand, Carnival’s interpretation raises a number of complex questions on how to distinguish transportation from non-transportation charges especially after the fact, none of which appears to have been resolved by, or even within the contemplation of, Congress at the time it adopted the short and simple language at issue. Nevertheless, because Customs’ interpretation is at least as plausible as Carnival’s, I agree that Customs’ interpretation, as slightly modified by the Court of International Trade, deserves deference under United States v. Mead Corp., 533 U.S. 218, 234-35, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). Thus, I join all of the analysis in section II except that saying the statute’s language and Congressional purpose are clear. As to sections I and III, I join in full.
The crux of our dilemma is whether Congress limited the HMT base to charges just for shipboard transportation, or whether it included as well charges for amenities enjoyed while on-board, particularly those associated with pleasure cruises. In my view, we are left to guess whether actual charges for transportation of passengers for hire means simply those inherent in multi-day ocean transport, or *1320 everything included in the ticket price of a pleasure cruise that will be enjoyed once aboard. As a court of law, we should not be guessing what a statute means, or what Congress intended, assuming it had actual intention on the point in issue. Yet, we must decide the appeal and to do so must construe the statute as best we can. Mead gives important guidance, suggesting variable deference to Customs according to the persuasive power of its explanation. Here the amount of deference earned suffices, but just barely.
One can only hope that those who draft legislation on behalf of Congress will take more care to be clear. Customs, too, if it expects deference under Mead should assure that its interpretations of statutes it administers are well explained.